United States Court of Appeals,

Fifth Circuit.

No. 91–2562.

William KING, Plaintiff–Appellee,

v.

Jason CHIDE and Mark Gonzales, Defendants–Appellants.

Oct. 13, 1992.

Appeals from the United States District Court for the Southern District of Texas.

Before JOLLY and DUHÉ, Circuit Judges, and PARKER[1], District Judge.

ROBERT M. PARKER, District Judge:

Plaintiff, William King (King) filed this action against the City of Galveston, Police Chief Robert Steen, and Police Officers Jason Chide (Chide) and Mark Gonzales (Gonzales) alleging violations of 42 U.S.C. § 1983 and various state tort claims. The District Court granted summary judgment dismissing all claims against Police Chief Steen, and dismissing all of Plaintiff's state tort claims. Chide and Gonzales moved for summary judgment on the basis of qualified immunity. The District Court denied their motion, and they are before this court on interlocutory appeal of that order as is their right under *Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). For the reasons set out below, we REVERSE.

FACTS

The facts, taken in the light most favorable to King, the non-moving party on the summary judgment motion at issue in this appeal, are as follows.

On Halloween night 1987, officers Chide and Gonzales responded to a disturbance call at King's residence. When they arrived a yellow cab was parked outside the residence, and Martha Fergison was on the front porch yelling at King who was inside the house. Both Fergison and King

[1]Chief Judge of the Eastern District of Texas, sitting by designation.

were intoxicated, very belligerent and uncooperative with the officers. A twelve year old boy, Fergison's nephew and ward, was with the cab driver outside the residence. The officers recorded in their police report that Fergison and King were common law married, and that Fergison was attempting to get into the house that she shared with King to get her belongings so she and the boy could leave. King contends that Fergison rented part of the house from him, but agrees that she lived there, and had a right to enter the house. The officers separated and talked to King and Fergison individually. The officers tried to persuade King to allow Fergison to come in and get her belongings, but King refused. Eventually, King opened the door. Fergison started up the steps towards King and the officers intervened. King was told that he was under arrest for public intoxication, but he refused to be arrested. The officers and King struggled in the doorway. They took him down to the ground and hand cuffed his hands behind his back. Both King and Fergison were arrested and were taken into custody.

After booking, King was taken to a local emergency room complaining of abrasions on his face, a sore neck and an injury to his foot. He was checked by a physician and discharged, with a notation that a plastic surgeon should look at his foot. King had been in a motorcycle wreck some years before and had suffered an injury to his heel. The heel had been reconstructed by plastic surgery. During the scuffle with the police officers, King's boot was pulled off and the heel was punctured. The puncture later resulted in infection and ulceration. King, who was a self employed laborer, has been unable to work since 1987 because of recurring problems with the heel.

## STANDARD OF REVIEW

Review of a district court's ruling on a motion for summary judgment is plenary. *Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.,* 831 F.2d 77, 79 (5th Cir.1987). The court of appeals applies the same standards as those that govern the district court's determination. Id. at 79. Summary judgment must be granted if the court determines that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P.

56(c). To determine whether there are any genuine issues of material fact, the court must first consult the applicable substantive law to ascertain what factual issues are material. The court must then review the evidence bearing on those issues, viewing the facts and inferences in the light most favorable to the nonmoving party. *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167 (5th Cir.1990).

## SUFFICIENCY OF THE COMPLAINT

In their first point of error, Chide and Gonzales contend that the district court erred in denying the officers' summary judgment because King's complaint was deficient in specific facts. The Fifth Circuit has adopted the heightened pleading requirement for cases against state actors in their individual capacities. *Elliott v. Perez,* 751 F.2d 1472 (5th Cir.1985). Because the doctrine of immunity should accord the defendant-official not only immunity from liability, but also immunity from defending against a lawsuit, a plaintiff's complaint must state with factual detail and particularity the basis for the claim, including why the defendant-official cannot successfully maintain the defense of immunity. Id. at 1473. See also *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 954 F.2d 1054 (5th Cir.1992). Appellants complain that the lower Court erred by failing to grant their summary judgment because King's complaint was deficient. However, when reviewing a summary judgment order this court may not limit its consideration to the facts alleged in the complaint. Rather we must examine the record as a whole to determine whether there are genuine issues of material fact and whether the movant is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. The procedural posture of the case before us precludes an analysis of whether King's complaint, by itself, could withstand scrutiny under the Fifth Circuit's heightened pleading requirement. *Morales v. Department of Army,* 947 F.2d 766, 768 (5th Cir.1991).

## NONMOVANT'S BURDEN OF PROOF ON SUMMARY JUDGMENT MOTION

Appellants' second point of error alleges that because King did not properly oppose their motion for summary judgment, they are entitled to reversal of the trial court's order denying it. As

Appellants correctly point out, a nonmoving party is not entitled to rest on his pleadings, but must carry his burden of providing evidence of a genuine issue of material fact. *Reese v. Anderson,* 926 F.2d 494, 499 (5th Cir.1991). That burden can be met by depositions, answers to interrogatories and admissions on file and affidavits. Fed.R.Civ.P. 56(c). The reco rd before us includes Plaintiff's medical records, a portion of Plaintiff's deposition, the arrest record and incident report from the fracas in question, and affidavits as well as the summary judgment motion, brief and response. We find the record before us adequate to the determination of the necessary fact questions.

## QUALIFIED IMMUNITY

Finally, the Appellants contend that the district court erred in denying their summary judgment because they were entitled to qualified immunity as a matter of law.

Our first inquiry in the examination of a defendant's claim of qualified immunity is whether the Plaintiff has "alleg[ed] the violation of a clearly established constitutional right." *Siegert v. Gilley,* ⸺ U.S. ⸺, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991). King's complaint alleges that Chide and Gonzales used excessive force to unlawfully arrest him. It is well settled that if a law enforcement officer uses excessive force in the course of making an arrest, the Fourth Amendment guarantee against unreasonable seizure is implicated. *Graham v. Connor,* 490 U.S. 386, 394–95, 109 S.Ct. 1865, 1870–71, 104 L.Ed.2d 443 (1989); *Tennessee v. Garner,* 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985); *Reese v. Anderson,* 926 F.2d 494, 500 (5th Cir.1991). A police officer may arrest a person if he has probable cause to believe that person committed a crime. However, the Fourth Amendment requires that we examine not only whether probable cause existed, but also the reasonableness of the manner in which such a seizure is conducted. *Tennessee v. Garner,* 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985).

King's Amended Complaint identifies his Constitutional claims as the "abridgement of rights and immunities secured by the U.S. Constitution, Amendments V, VIII, and XIV, under 42 U.S.C.

§ 1983," and refers to the unlawfulness of the underlying arrest. However, both parties in the briefs before this Court and the opinion of the Court below have treated King's case as a Fourth Amendment claim, concerning the reasonableness of the officers' conduct while arresting King. We therefore make no determination of whether King has constitutional claims concerning the existence of probable cause for the arrest.

The next step in a qualified immunity analysis is to determine the standard by which to judge the reasonableness of the officers' behavior. Qualified immunity cloaks a police officer from liability if a reasonably competent law enforcement agent would not have known that his actions violated clearly established law. *Jackson v. Beaumont Police Dept.,* 958 F.2d 616, 620 (5th Cir.1992) (citing *James v. Sadler,* 909 F.2d 834, 838 (5th Cir.1990). Although the standard for determining reasonableness in excessive use of force cases has evolved considerably since October of 1987[2], "the objective reasonableness of an officer's conduct must be measured with reference to the law as it existed at the time of the conduct in question." *Pfannstiel v. Marion,* 918 F.2d 1178, 1185 (5th Cir.1990). *Shillingford v. Holmes,* 634 F.2d 263 (5th Cir.1981) the controlling authority in October 1987, recognized that an injury inflicted by an officer must rise above a minor tort claim to occasion a constitutional violation. Id. at 265. In *Shillingford* some policemen were apprehending a boy, when they noticed Mr. Shillingford, a tourist, photographing the incident. Shillingford was holding a camera up to his face. An officer struck the camera and Shillingford with his nightstick, destroying the camera, smashing it into Shillingford's face and lacerating his forehead. Shillingford was not involved in the arrest incident and did not interfere with the police in any fashion. The Fifth Circuit applied a three prong test to the facts of Shillingford to determine the reasonableness of the officer's action: one, did the action cause severe injury; two, was the action grossly disproportionate to the

---

[2]See *Johnson v. Morel,* 876 F.2d 477, 480 (5th Cir.1989) (en banc) (changing the standard for Fourth Amendment excessive use of force claims by reformulating the "severe injury" prong to "significant injury.")

See also, *Hudson v. McMillian,* ⸺ U.S. ⸺, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (overruling the "significant injury" prong, in an Eighth Amendment excessive use of force context.)

need for action under the circumstances; and three, was it inspired by malice rather than merely careless or unwise excess of zeal? The test requires that all three questions be answered in the affirmative in order for a Plaintiff to establish a deprivation of constitutional rights. This test was the clearly established law in October 1987 that would have guided a reasonably competent law enforcement agent in making decisions about how to effect an arrest.

Finally, then, we must apply the *Shillingford* test to King's facts. The trial Court's written order merely recites the nature of the motions pending before the Court and the rulings. However, in a supporting opinion, delivered orally, the Court says,

> "The dispute, it seems to me on the 1983 claim centers on two critical factors: one the severity of [King's] injury. The definition legally as to what is quote "a significant' end quote injury, I think is open to question, and you have stated sufficient claim to get to the trier of fact on that particular issue.
>
> "The next one is malice, and with regard to that aspect of the case, I think you probably ought to get to the trier of fact on the 1983 case, but I've got to tell you, reviewing this case, I think that's a relatively slender reed. By not granting the motion for summary judgment, I am not saying that I think this is a completely viable case, and I'm not saying that I would not consider taking it away from the jury if you do not state a sufficient prima facie case in your opening case in chief to demonstrate that you satisfy those prima facie requirements."

The District Court's reference to "significant injury" indicates that the Court applied the wrong test in making the Summary Judgment determination. *Johnson v. Morel,* 876 F.2d 477 (5th Cir.1989) changed the standard for Fourth Amendment excessive force claims, and among other things, reformulated *Shillingford*'s "severe injury" prong to "significant injury". *Jackson v. Beaumont Police Dept.,* 958 F.2d 616, 621, n. 6 (5th Cir.1992). However, because the standard was revised at a point in time after Officers Chide and Gonzales arrested King, we must reevaluate their conduct under the earlier *Shillingford* standard.

The Plaintiff conceded that his injury was not medically intensive. He contends, instead, that the wound to his heel resulted in severe injury because the doctors were unable to correct the ulceration and breakdown of the heel and the only cure they could offer was to advise him to stay off

of it. The heart of his injury allegation is that he has subsequently been unable to work at his trade because of problems with his heel and has thereby suffered economic loss. Appellants, on the other hand, characterize the injury as minor, relying on the medical records admitted into evidence, which reflect minimal medical care connected with King's injuries. In order for King to recover in this case, a severe injury must have been caused by the alleged excessive force. King is asking this court to hold a police officer liable for unforeseeable complications which resulted from a minor injury. The analytical framework of qualified immunity rests on the objective foundation of the judgment of a reasonably competent officer. *Pfannstiel v. Marion,* 918 F.2d 1178 (5th Cir.1990). We find that a reasonably competent officer could not have anticipated that the brief struggle to arrest and hand cuff King would cause the injury King now complains of. Therefore, we hold that facts established in the record do not support a finding that King met the severe injury prong of *Shillingford.*

King's case also fails under the second prong of the test. The officers' conduct was not grossly disproportionate to the need for action under the circumstances. There is no evidence in the record that the officers harbored ill-will toward King. King does not dispute that he resisted arrest after he had been told that he was under arrest and what the charge was, or that he was intoxicated and belligerent, or that the officers believed they had been summoned to intervene in a domestic altercation. All of these facts have been held relevant to the inquiry of whether an officer's conduct is grossly disproportionate to the need for action under the circumstances. *Brown v. Glossip,* 878 F.2d 871 (5th Cir.1989.) King's strongest argument is that he was in his own home, alone, with the door locked when the police arrived, and was entitled to be left alone unless the police had a warrant or legally adequate probable cause to disturb him. The problem with King's position is that the officers did not arbitrarily enter his property to disturb him. They answered a disturbance call, and were faced with what appeared to be a domestic fight. An angry, drunken woman and a child were locked out of their own residence in the middle of the night. The need for action under these circumstances was not clearly outweighed by the fact that King wanted to be left alone behind his locked door. There is no mention of this prong of the test in the District Court's written order or oral

opinion, although the order denying summary judgment implicitly finds, at the least, a fact dispute concerning the disproportionality of the officers' actions. We find no such dispute.

The third prong, whether the action was inspired by malice, rather than carelessness or unwise excess of zeal, was addressed by the District Court in its oral opinion supporting its order. The Court apparently found a fact issue on this prong. It is unnecessary for us to reach the question of the correctness of that finding. Since we find that King fails to meet the first two prongs of the test, Appellants were entitled to summary judgment based on qualified immunity.

## CONCLUSION

The District Court's Order denying the Motion for Summary Judgment filed by Officers Chide and Gonzales is REVERSED.