IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-20246
Summary Calendar
_____


RALPH W. FOWLER,

                              Plaintiff-Appellant,


v.

JAMES A. LYNAUGH, ET AL.,

                              Defendants- Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(CA-H-93-2516)
_____
(October 3, 1995)
Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Texas Department of Criminal Justice inmate Ralph W. Fowler

brought this § 1983 civil rights action against various TDCJ

officials, alleging constitutional violations arising from a

housing transfer, disciplinary proceedings, and a work

reassignment.  The district court granted the defendants' motion

for summary judgment on the claims arising from the disciplinary

proceeding and dismissed Fowler's other claims as frivolous.

_____

     [*]Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

Fowler appeals.  We affirm in part and vacate and remand in part the judgment of the district court.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Proceeding pro se and in forma pauperis, Texas Department of Criminal Justice ("TDCJ") inmate Ralph W. Fowler ("Fowler") filed this § 1983 civil rights action, alleging that various TDCJ officials violated his Eighth and Fourteenth Amendment rights. Fowler named as defendants TDCJ directors James Lynaugh, James Collins, Wayne Scott, John Stice, and Kent Ramsey.  He also named M. B. Thaler, Jim Gant, and George Pierson, who were wardens at TDCJ's Ellis One Unit where Fowler was incarcerated, and correctional officers Captain Timothy Massey, Captain Leonard Ellis, Lieutenant R. W. Lee, and Sergeant Carl Vest.  Finally, he named TDCJ employee Robert Wise, who served as Fowler's counsel substitute during his disciplinary proceedings.

Fowler alleged that on March 8, 1993, Sergeant Vest observed him talking to inmate Larry English and ordered him to report to Captain Ellis's office.  Fowler claimed that he was then strip-searched, questioned, and asked to take a urine analysis.  When Fowler refused to take the urine analysis, Captain Ellis allegedly told him that he was not going back to his wing "a hero" and that he would be moved from his cell to a dormitory "in order to make it appear that I was being reward[ed] for snitching."  Fowler was moved to a dormitory and inmate English was moved to pre-hearing detention.  As a result, Fowler alleged,

2

the prison grapevine "had it out" that he was Captain Ellis's snitch and that a "hit" was out on him.

After testifying on English's behalf at a disciplinary hearing on March 11, Fowler was charged by Sergeant Vest with possession and use of marijuana and with being out of place. At the disciplinary hearing on this charge, Captain Massey presided as hearing officer. Upon recommendation of his counsel substitute, Robert Wise, Fowler pleaded guilty to being out of place. He was reclassified to close-custody, lost 365 days of good-time credits, and received 30 days of commissary restriction. When Fowler asked Wise for a transcript of his disciplinary hearing so that he could appeal, Wise stated that he could provide only a copy of the hearing disposition and an audiotape of the hearing.

According to Fowler, he was also reassigned to perform physical labor on a "hoe squad" in further retaliation for testifying at English's disciplinary hearing. Fowler asserts that this reassignment was unusual because he has "very limited mobility, being partially paralyzed since the age of (4)four." Fowler walks with a cane and a leg brace and was "humiliated" and "angered" by the job change. Fowler alleged that he spoke with Warden Gant about the job assignment and that Gant stated that he would look into it and also would reopen Fowler's disciplinary case. After approximately two weeks, Fowler was reassigned to his original job in the laundry room.

3

Warden Gant returned Fowler's first grievance because Fowler had failed to sign it. Warden Pierson subsequently denied this grievance. Directors Ramsey and Stice denied Fowler's second and third grievances. Fowler also filed an internal affairs complaint, which Lieutenant Lee denied.

In the present action, Fowler alleged that his housing transfer, disciplinary proceedings, and work reassignment violated the Eighth Amendment's prohibition of cruel and unusual punishment. Specifically, he alleged that, because he was portrayed as a snitch and moved to an open dormitory where other inmates could easily attack him, he was placed in fear for his life. He also claimed that the disciplinary proceedings were brought in retaliation for his testimony on behalf of English and that the punishment he received for being out of place was disproportionate to the offense. Finally, Fowler alleged that his reassignment to the hoe squad also constituted cruel and unusual punishment because of his medical condition.

Fowler further alleged that the disciplinary proceedings violated his procedural due process rights under the Fourteenth Amendment because: (1) an informal resolution was never attempted; (2) he was not informed properly of the charges; (3) the disciplinary committee consisted of only one person who was not impartial; and (4) he was not given adequate notice of the disciplinary committee's decision.

Warden Gant, Warden Pierson, Captain Massey, Captain Ellis, and Sergeant Vest were served with the complaint. Gant, Pierson,

Massey, and Vest filed motions to dismiss, which the district court construed as motions for summary judgment. The court granted the motions with respect to Fowler's claims that the disciplinary proceedings were retaliatory and violated due process and that his punishment for being out of place was disproportionate to the offense.[1] The court then dismissed Fowler's remaining claims as frivolous. Fowler timely appealed.

## II. DISCUSSION

Fowler makes the following arguments on appeal: First, summary judgment was improper on his claim that the disciplinary proceedings violated his Fourteenth Amendment procedural due process rights. Second, the district court erred in dismissing his claim against Captain Ellis that the housing transfer put him in fear of his life and thus violated the Eighth Amendment. Third, the district court also erred in dismissing his claim that his assignment to the hoe squad violated the Eighth Amendment because such work was cruel and unusual in light of his medical condition. Finally, the district court should not have dismissed his action without a <u>Spears</u> hearing. Fowler has apparently

---

[1] The district court also granted summary judgment on a claim for injunctive relief that Fowler had brought against the defendants in their official capacities based on his past treatment. In addition, the court denied Fowler's motions to file amended and supplemental complaints. Fowler does not appeal the court's disposition of these matters.

abandoned all other claims.[2]  We address Fowler's arguments in
turn.


## A.  Disciplinary Proceedings

Fowler argues that the district court improperly granted
summary judgment on his claim that he was denied due process
during his disciplinary proceedings.  He argues that he has
suffered greatly because of "the retaliatory practices of the
One-Man Disciplinary Committee."  He also argues that the
disciplinary proceedings violated various consent decrees and
TDCJ policies.[3]  The defendants counter that the TDCJ's
procedures met the constitutional standard for such proceedings,
and therefore, summary judgment was proper.

We review the granting of summary judgment de novo, applying
the same criteria used by the district court in the first
instance.  Norman v. Apache Corp., 19 F.3d 1017, 1021 (5th Cir.
1994); Conkling v. Turner, 18 F.3d 1285, 1295 (5th Cir. 1994).

---

[2]In his reply brief, Fowler also lists as an issue whether
the district court erred in granting summary judgment on his
claim that discipline was imposed in retaliation for his
testimony on behalf of inmate English; however, Fowler makes no
legal argument and cites no legal authority in support of this
statement.  Although we will liberally construe pro se briefs,
see Haines v. Kerner, 404 U.S. 519, 520 (1972), we still require
arguments to be briefed in order to be preserved.  Yohey v.
Collins, 985 F.2d 222, 225 (5th Cir. 1993).  Claims not
adequately argued in the body of the brief are deemed abandoned
on appeal.  Id. at 224-25.  Accordingly, we consider Fowler's
argument on the issue of whether his disciplinary proceeding was
retaliatory to be abandoned.

[3] Fowler does not renew his other due process arguments
regarding the disciplinary proceedings.  We deem those arguments
abandoned.  See Yohey, 985 F.2d at 225.

6

First, we consult the applicable law to ascertain the material factual issues. <u>King v. Chide</u>, 974 F.2d 653, 655-56 (5th Cir. 1992). We then review the evidence bearing on those issues, viewing the facts and inferences to be drawn therefrom in the light most favorable to the nonmoving party. <u>Lemelle v. Universal Mfg. Corp.</u>, 18 F.3d 1268, 1272 (5th Cir. 1994); <u>FDIC v. Dawson</u>, 4 F.3d 1303, 1306 (5th Cir. 1993), <u>cert. denied</u>, 114 S. Ct. 2673 (1994). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Under Rule 56(c), the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion and identifying the portions of the record that it believes demonstrate the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986); <u>Norman</u>, 19 F.3d at 1023. If the moving party meets its burden, the burden shifts to the non-moving party to establish the existence of a genuine issue for trial. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 585-87 (1986); <u>Norman</u>, 19 F.3d at 1023. The burden on the non-moving party is to do more than simply show that there is some metaphysical doubt as to the material facts. <u>Matsushita</u>, 475 U.S. at 586.

Because Fowler's punishment included a loss of good-time credits, he was entitled to the procedural protections espoused in <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974). <u>See</u> <u>Murphy v. Collins</u>, 26 F.3d 541, 543 n.5 (5th Cir. 1994). <u>Wolff</u> requires: (1) twenty-four hours advance written notice of the charges against the prisoner; (2) a written statement by the fact finder as to the evidence relied upon and reasons for the disciplinary action taken; and (3) the opportunity to call witnesses and to present documentary evidence as long as doing so does not create a security risk. <u>Wolff</u>, 418 U.S. at 563-67. Exhibits submitted by Fowler unequivocally demonstrate that these requirements were met.

Although the disciplinary committee in <u>Wolff</u> had three members, the Supreme Court did not obligate prison officials to provide a hearing before more than one hearing officer. Fowler does not otherwise identify such a requirement. Indeed, one of Fowler's exhibits indicates that TDCJ rules have been changed to provide that a disciplinary hearing may be held in front of a single officer. Further, even if we assume that TDCJ officials failed to follow their own regulations, such violation, without more, does not give rise to a constitutional violation. <u>Hernandez v. Estelle</u>, 788 F.2d 1154, 1158 (5th Cir. 1986). To the extent that Fowler argues that the single-person committee violated prison consent decrees, we note that remedial court orders do not create or enlarge constitutional rights. <u>See</u> <u>Green v. McKaskle</u>, 788 F.2d 1116, 1123 (5th Cir. 1986). Accordingly,

we conclude that the district court did not err by granting the defendants' motions for summary judgment with regard to this claim.

## B.  Housing Transfer

Fowler argues that the district court erred in dismissing as frivolous his claim regarding the housing transfer because he was subjected to cruel and unusual punishment when Captain Ellis transferred him to the dormitory to make it appear as though he had "snitched" on inmate English.  Specifically, Fowler contends that, as a result of being labelled a snitch, he has suffered an impairment to his reputation, personal humiliation, and mental anguish associated with the fear of being attacked or killed.  He further argues that, because the transfer subjected him to a substantial risk of injury, the fact that he was not actually attacked is irrelevant.  The defendants counter that dismissal was proper because Fowler presented no evidence that he actually suffered pain as a result of the transfer or that Captain Ellis was aware of the risk that the transfer would create.

A § 1983 plaintiff who proceeds in forma pauperis is subject to dismissal if his complaint is "frivolous" within the meaning of 28 U.S.C. § 1915(d).  Under § 1915(d), a complaint is frivolous if "it lacks an arguable basis in either law or fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A complaint is legally frivolous if it is premised on an "indisputably meritless legal theory," Neitzke,

9

490 U.S. at 327. Thus, a complaint that raises an arguable question of law may not be dismissed under § 1915(d), although it may be subject to dismissal under Rule 12(b)(6) if the court ultimately resolves the legal question against the plaintiff. Id. at 328. A complaint is factually frivolous if "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton, 504 U.S. at 33. The complaint may not be dismissed as factually frivolous simply because the court finds the plaintiff's allegations unlikely. Id.

We review § 1915(d) dismissals for an abuse of discretion because a determination of frivolousnessSQwhether legal or factualSQis a discretionary one. Id.; Moore v. Mabus, 976 F.2d 268, 270 (5th Cir. 1992). In reviewing for abuse of discretion, we consider whether (1) the plaintiff is proceeding pro se, (2) the court inappropriately resolved genuine issues of disputed fact, (3) the court applied erroneous legal conclusions, (4) the court has provided an adequate statement of reasons for dismissal which facilitates intelligent appellate review, and (5) the dismissal was with or without prejudice. Denton, 504 U.S. at 34. We have directed the district courts to distinguish between findings of factual, legal, or mixed factual and legal frivolousness and to reflect the considerations identified in Denton in entering § 1915(d) dismissals. Moore, 976 F.2d at 270.

In the case <u>sub</u> <u>judice</u>, the district court determined that Fowler's claim was frivolous because Fowler did not allege a deprivation of his Eighth Amendment rights. Specifically, the court reasoned that Fowler failed to allege that he was subjected to any violence or attacks as a result of the housing transfer and that he failed to support his "conclusory" claim regarding Captain Ellis's motive. Accordingly, the court dismissed this claim with prejudice.

Prison officials have a duty under the Eighth Amendment to protect inmates from violence at the hands of other prisoners. <u>Farmer v. Brennan</u>, 114 S. Ct. 1970, 1976 (1994). To constitute an Eighth Amendment violation, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm" and that the prison official's state of mind was one of "deliberate indifference" to the inmate's health or safety. <u>Id.</u> at 1977. A prison official is deliberately indifferent if he is both "aware of the facts from which the inference could be drawn that a substantial risk of harm exists" and he draws the inference. <u>Id.</u> at 1979. Whether a prison official had the requisite knowledge of the substantial risk is a question of fact subject to demonstration by circumstantial evidence. <u>Id.</u> at 1981.

Fowler alleged in his complaint that Captain Ellis <u>told</u> him that he was going to be moved from his cell to the dormitory in order to make it appear that he was being rewarded for "snitching." This allegation is not conclusory. He also alleged

11

that Captain Ellis drew an inference that a substantial risk of harm existed in being labelled a "snitch." As evidence of this risk, Fowler has submitted affidavits from other prisoners stating that Fowler's housing transfer after the incident with English was an indication that Fowler had "snitched" and that there was a "hit" on Fowler among the prison population. The fact that other prisoners did not actually attack Fowler does not defeat the claim because a prisoner subjected to a substantial risk of harm is not required to suffer physical injury before obtaining court-ordered correction. See Farmer, 114 S. Ct. at 1983. Given these allegations, we cannot say that Fowler's claim is "indisputably meritless" or "wholly incredible" such that it lacks an arguable basis in law or fact. Accordingly, we conclude that the district court abused its discretion in dismissing Fowler's housing transfer claim under § 1915(d).

## C.  Work Reassignment

Fowler also argues that the district court erred in dismissing as frivolous his claim that his work reassignment to the hoe squad constituted cruel and unusual punishment in violation of the Eighth Amendment. Specifically, Fowler contends that the assignment inflicted unnecessary suffering because of his physical handicap. Fowler further contends that the fact that he was returned to his original work assignment shortly thereafter is irrelevant because he could be placed on the hoe squad in the future. The defendants counter that the return of

Fowler to his original assignment is fatal to his Eighth Amendment claim.

Prison work requirements that compel inmates to perform physical labor that is beyond their strength, endangers their lives, or causes undue pain may constitute cruel and unusual punishment.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Work which is not cruel and unusual per se may nevertheless violate the Eighth Amendment if prison officials are aware it will significantly aggravate a prisoner's serious medical condition.  Jackson v. Cain, 864 F.2d 1235, 1246 (5th Cir. 1989).  In addition to the awareness requirement, the prisoner must also establish that the prison officials disregarded the risk to the prisoner "by failing to take reasonable measures to abate it."  Farmer, 114 S. Ct. at 1984.

The allegations in Fowler's original complaint suggest, at most, that he was assigned to the hoe squad in an effort to humiliate and embarrass him.  Fowler did not allege in his district court pleadings that the hoe squad assignment caused him unnecessary pain, and he is therefore foreclosed from raising this argument for the first time on appeal.  Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993).  Further, Fowler does not allege that a prison official was aware that the assignment would significantly aggravate his medical condition. At any rate, when Fowler brought his medical condition to the attention of Warden Gant after the assignment was made, he was returned to his original laundry room assignment within two

13

weeks.  Thus, we conclude that the district court did not abuse its discretion by dismissing Fowler's work reassignment claim as frivolous.

### D.  Spears Hearing

Finally, Fowler argues that the dismissal of his action without a <u>Spears</u>[4] hearing or a more definite statement was in error.  The purpose of a <u>Spears</u> hearing is "to supplement the questionnaires sent to prisoners to elaborate on often less than artfully-drafted pleadings."  <u>Wilson v. Barrientos</u>, 926 F.2d 480, 482 (5th Cir. 1991).  Given that Fowler submitted a detailed response to the defendants' motion for summary judgment, we conclude that a <u>Spears</u> hearing was neither required nor necessary.

### III.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's order granting summary judgment to the defendants on Fowler's due process claim and dismissing as frivolous Fowler's Eighth Amendment claim involving his work reassignment; however, we VACATE that part of the district court's order dismissing Fowler's Eighth Amendment claim involving his housing transfer and REMAND for further proceedings consistent with this opinion.

---

[4] <u>Spears v. McCotter</u>, 766 F.2d 179, 181 (5th Cir. 1985).

14