IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-20387
_____


NEPTUNE SERVICES OF NEVADA INCORPORATED; RICHARD A
BAILEY,

                              Plaintiffs-Appellants,

VICTOR HOOKS; FRED HOOKS; DORA HOOKS; FRED HOOKS, III;
VICTORIA LYNN HOOKS,

                              Intervenor Plaintiffs-Appellants,

v.

CONTINENTAL CASUALTY COMPANY; ET AL,

                              Defendants,

CONTINENTAL CASUALTY COMPANY; TRANSCONTINENTAL
INSURANCE COMPANY,

                              Defendants-Appellees.
_____

Appeals from the United States District Court
for the Southern District of Texas
(H-96-CV-815)
_____

May 20, 1999

Before KING, Chief Judge, REYNALDO G. GARZA and JOLLY, Circuit
Judges.

PER CURIAM:[*]

    Plaintiffs-appellants Neptune Services of Nevada,

Incorporated and Richard A. Bailey and intervenor plaintiffs-

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appellants Victor Hooks, Fred Hooks, Dora Hooks, Fred Hooks, III, and Victoria Lynn Hooks (collectively "plaintiffs") appeal the district court's grant of summary judgment in favor of defendant-appellee Transcontinental Insurance Company ("Transcontinental") on breach of contract and negligent failure to settle claims. We affirm.

The relevant facts are set out in the district court's thorough and well-reasoned opinion. See Neptune Servs. v. Continental Cas. Co., No. H-96-0815, slip op. at 1-2 (S.D. Tex. Mar. 31, 1998). We review a grant of summary judgment de novo, applying the same criteria used by the district court in the same instance. See Norman v. Apache Corp., 19 F.3d 1017, 1021 (5th Cir. 1994). First, we consult the applicable law to ascertain the material factual issues. See King v. Chide, 974 F.2d 653, 656 (5th Cir. 1992). We then review the evidence bearing on those issues, viewing the facts and inferences to be drawn therefrom in the light most favorable to the nonmoving party. See Lemelle v. Universal Mfg. Corp., 18 F.3d 1268, 1272 (5th Cir. 1994). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

After a careful review of the parties' briefs, the record, and the relevant case law, we conclude that summary judgment was

properly granted.  We agree with the district court that Transcontinental did not obtain an effective reservation of rights or non-waiver agreement but that the plaintiffs did not suffer harm as a result of the manner in which it conducted their defense.  Therefore, Transcontinental is not estopped from asserting its defenses to coverage.  We also agree that the designated premises exclusion in Transcontinental's general liability insurance policy applies to exclude coverage for the underlying liability in this case.  Because "an insurer has no duty to settle a claim that is not covered under its policy," plaintiffs' claims fail as a matter of law.  American Physicians Ins. Exch. v. Garcia, 876 S.W.2d 842, 848 (Tex. 1994).

For the foregoing reasons, the judgment of the district court is AFFIRMED.