IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30176
Summary Calendar
_____

SPECIALTY FOOD SYSTEMS INC,

Plaintiff-Appellant,

v.

RELIANCE INSURANCE COMPANY OF ILLINOIS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(98-CV-2595)
_____

November 3, 1999

Before KING, Chief Judge, and Higginbotham and Stewart, Circuit
Judges.

PER CURIAM:[*]

Plaintiff-Appellant Specialty Foods, Inc. appeals from the
district court's grant of summary judgment in favor of Defendant-
Appellee Reliance Insurance Company of Illinois.  We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff-Appellant Specialty Food Systems, Inc.
("Specialty") contracted with Defendant-Appellee Reliance
Insurance Company of Illinois ("Reliance") for the provision of
employment practices liability insurance.  Reliance provided

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

coverage in the form of an annual "claims first made and reported" policy. Under this type of policy, coverage is triggered by the making of a claim, rather than the occurrence of a covered event, within a specified policy period. Two Reliance policies covering Specialty are at issue in this appeal: one with a policy period running from November 17, 1996, to November 17, 1997 (the "1996-97 Policy"); and another with a policy period running from November 17, 1997, to November 17, 1998 (the "1997-98 Policy"). In all respects important to this appeal, the policies differed only in their respective coverage periods.

Generally, each policy covered claims that were first made during the policy period and reported to Reliance no later than sixty days following the termination of the policy period. Both policies defined a "claim" as:

> any written demand or notice received by an Insured from a person or any administrative agency advising that it is the intention of a person to hold the Insured responsible for the consequences of a Wrongful Employment Practice and includes any demand received by an Insured for damages and/or the service of suit.

Brief for Appellant at 11.

Specialty terminated an employee, Louise Davis ("Davis"), in 1997, and Davis filed a complaint with the EEOC. On November 7, 1997, Specialty received a Notice of Charge of Discrimination from the EEOC (the "EEOC Notice"), which notified Specialty of Davis's age discrimination complaint and requested information. Davis then filed an age discrimination suit against Specialty in federal district court on December 22, 1997, and Specialty notified Reliance of the suit on January 20, 1998. The case

2

eventually settled, but not before Reliance refused coverage. Specialty brought suit against Reliance in state court for denying coverage, and, claiming diversity, Reliance removed the action to federal court. Their dispute centers around the definition of the term "claim."

Specialty contends that the definition provided in both policies, especially when read in conjunction with other policy language, is ambiguous. Citing Louisiana law, Specialty asserts that this ambiguity should be resolved in its favor and insists that the institution of Davis's suit on December 22, 1997, constituted the first "claim" made against Specialty. Under this theory, the claim was first made and reported during the 1997-98 Policy period and should, therefore, be covered.

Reliance counters that the term "claim" is unambiguously defined in each policy and that it includes agency notification of the type received by Specialty in this case. Under Reliance's theory, a claim was first made on November 7, 1997, during the 1996-97 Policy period, when Specialty received the EEOC Notice. However, Specialty did not report the claim to Reliance until January 20, 1998, more than sixty days after the expiration of the 1996-97 Policy on November 17, 1997. Therefore, Reliance asserts, coverage was properly denied.

The parties filed cross motions for summary judgment. The district court found that no ambiguity existed in the contract language and, applying that language, found that the EEOC Notice constituted a claim. Summary judgment was granted in favor of

Reliance, and Specialty now appeals.

## II. Standard of Review

"We review the granting of summary judgment de novo, applying the same criteria used by the district court in the first instance." Norman v. Apache Corp., 19 F.3d 1017, 1021 (5th Cir. 1994). First, we consult the applicable law to ascertain the material factual issues. See King v. Chide, 974 F.2d 653, 656 (5th Cir. 1992). We then review the evidence bearing on those issues, viewing the facts and inferences to be drawn therefrom in the light most favorable to the nonmoving party. See Lemelle v. Universal Mfg. Corp., 18 F.3d 1268, 1272 (5th Cir. 1994).

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." Ginsberg 1985 Real Estate Partnership v. Cadle Co., 39 F.3d 528, 531 (5th Cir.1994) (internal citations omitted).

## III. DISCUSSION

The only issue of material fact in this case is whether the definition of the term "claim" contained in the two policies is

4

ambiguous.  If the definition is unambiguous, then the EEOC Notice constitutes a claim that was reported to Reliance outside the period allowed by the 1996-97 Policy, and Reliance correctly denied coverage.

The district court clearly addressed this issue and held that the term "claim" was unambiguously defined and encompassed the EEOC Notice.  Because this sole issue was not genuine, the district court granted summary judgment in favor of Reliance.  We have carefully reviewed the record, the parties' briefs, and the district court order, and we agree with the judgment entered by the district court.  Having determined that Judge Vance correctly disposed of the case, we see no value in simply rephrasing the bulk of her well-reasoned Summary Judgment Order.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.