**Hershal HAFFORD, Appellant,**

v.

**The STATE of Texas, State.**

No. 2–91–205–CR.

Court of Appeals of Texas,
Fort Worth.

April 1, 1992.

Earl R. Waddell, III, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., C. Chris Marshall, Mark Stephens, and David Ward, Assts., Fort Worth, for appellee.

Before WEAVER, C.J., and FARRIS and LATTIMORE, JJ.

## OPINION

LATTIMORE, Justice.

This is an appeal by Hershal Hafford, who was charged by indictment with possession of a controlled substance, cocaine, less than twenty-eight grams. TEX. HEALTH & SAFETY CODE ANN. § 481.115 (Vernon Pamph.1992). The appellant pled guilty to the offense charged and the court assessed punishment pursuant to a plea bargain at ten years confinement in the Institutional Division of the Texas Department of Criminal Justice, running concurrently with a probation revocation. Hafford's sole point of error on appeal asserts that the trial court erred in denying his motion to suppress evidence in violation of the fourth and fourteenth amendments to the United States Constitution; article one, section nine of the Texas Constitution; and articles 1.06 and 38.23 of the Texas Code of Criminal Procedure.

We affirm.

### Statement of Facts

Officers Charles Davis and T.D. Ponikiewski of the Fort Worth Police Department were patrolling East Bessie Street on January 27, 1991, between 4:30 and 4:45 a.m. when they observed a car pulling over to the side of the road. The officers entered the vehicle's license plate number into their mobile data terminal. After discovering that the car had been reported stolen, the officers circled around and continued their surveillance of the vehicle.

Officer Davis got out of the patrol car and watched the now unoccupied vehicle from around a building. Then, three men approached and entered the car; after which Davis returned to the patrol car. Officer Davis temporarily lost sight of the stolen car and did not see one of the three men leave the car. The police officers then followed the car for approximately two and a half blocks before the stolen vehicle pulled into a residential driveway at which time Ponikiewski pulled in behind it. The officers approached the car and Officer Davis removed the passenger, Hafford, handcuffed him, and patted him down. Officer Ponikiewski also handcuffed the driver of the car. Officer Davis then observed a clear baggie which was sticking out of Hafford's pocket; the bag contained a green leafy substance. Hafford was also searched at the jail where a white rock

substance was found in his shoe. The trial court determined that the police had made a legal arrest and denied Hafford's motion to suppress. Following the entry of the written order denying the motion to suppress, the appellant agreed to a plea bargain and pled guilty to possession of cocaine.

### Appellant's Point of Error

■ Hafford maintains in his sole point of error that the trial court erred in that it denied his motion to suppress the cocaine seized at the jail. First, we conclude after reviewing the record that the removal of Hafford from the car and the immediate handcuffing, prior to any reasonable questioning or request for identification, amounted to an arrest and not a mere detention. *See Amores v. State,* 816 S.W.2d 407, 411–12 (Tex.Crim.App.1991). After this initial determination, the issue before this court involves the question of whether Officer Davis effectuated a legal arrest of Hafford and thereby properly averted suppression of the fruits of said arrest. Article 14.01(b) of the Texas Code of Criminal Procedure provides:

> (b) A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view.

TEX.CODE CRIM.PROC.ANN. art. 14.01(b) (Vernon 1977). A police officer may arrest an individual without a warrant only if there is probable cause. *Adkins v. State,* 764 S.W.2d 782, 785 (Tex.Crim.App.1988). Judge Onion, writing for the majority in *Delgado v. State,* reiterated:

> The standard for the legality of a warrantless arrest is not equal to the sufficiency of evidence for a conviction. The standard is "probable cause," not "proof beyond a reasonable doubt."

*Delgado v. State,* 718 S.W.2d 718, 720–21 (Tex.Crim.App.1986). The test for determining the existence of probable cause for a warrantless arrest is as follows:

> Whether at that moment the facts and circumstances within the officer's knowledge and of which (he) had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the arrested person had committed or was committing an offense.

*Adkins,* 764 S.W.2d at 785, and cases cited therein. The Court of Criminal Appeals of Texas stated in *Lunde v. State* that:

> [T]he perceived events must be out of the ordinary, suspicious and tie a suspect with a criminal act. The individual's conduct cannot be as consistent with innocent activity as with a criminal act.

*Lunde v. State,* 736 S.W.2d 665, 667 (Tex. Crim.App.1987). The "totality of the circumstances" test applies in Texas for determining probable cause for a warrantless arrest. *Amores,* 816 S.W.2d at 413.

■ In the present case, the police officers received notification from the mobile data terminal in the patrol car that the vehicle in which Hafford was riding had been reported stolen. Although this information from the mobile terminal is not sufficient, standing alone, to establish probable cause for arrest, such data when combined with additional facts available to the arresting officer may be sufficient to warrant a prudent man of reasonable caution to conclude that a crime has been or is being committed. *See Amores,* 816 S.W.2d at 416. In addition to the overt behavior of the suspects, the officers' prior knowledge of the level of crime in the area as well as the time of night, 4:30 to 4:45 a.m., coupled together to sufficiently establish probable cause. *See Lunde,* 736 S.W.2d at 667. As stated *supra,* the police officers were not burdened with showing that Hafford stole the car "beyond a reasonable doubt"; instead, they only need demonstrate "probable cause." We hold that Officers Davis and Ponikiewski personally observed behavior that when coupled with the reasonably trustworthy information provided by the mobile data terminal and their prior knowledge of criminal activity in the area, sufficiently warranted their belief that Hafford had committed or was committing an offense. Therefore, the officers were entitled to effectuate a warrantless arrest pursuant to article 14.01(b) of the Code of Criminal Procedure. TEX.CODE CRIM.PROC. ANN. art. 14.01(b).

In *Rogers v. State,* the Court of Criminal Appeals of Texas stated in pertinent part that:

> Both under the Fourth Amendment to the United States Constitution and under Art. I, Section 9 of the Texas Constitution, searches of a person and the area within his immediate control are excepted from the requirement of a warrant when incident to the lawful arrest of such person and otherwise proper in scope.

*Rogers v. State,* 774 S.W.2d 247, 264 (Tex. Crim.App.), *cert. denied,* 493 U.S. 984, 110 S.Ct. 519, 107 L.Ed.2d 520 (1989). Based upon our determination *supra* that Hafford was properly arrested, the white rock substance discovered in his shoe at the jail was admissible. *See id.* The trial court therefore did not err in rejecting the appellant's motion to suppress. Consequently, Hafford's sole point of error is overruled.

The judgment of the trial court is affirmed.