**Gloria Jean HARPER, Individually and as Mother and Next Friend of Jordan Harper a Minor and Jordan Harper, Plaintiffs–Appellees,**

v.

**HARRIS COUNTY, TEXAS, et al., Defendants,**

**John P. Denholm, Defendant–Appellant.**

No. 93–2062.

United States Court of Appeals, Fifth Circuit.

April 29, 1994.

As Amended on Grant of Reconsideration May 11, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied June 28, 1994.

598

Lisa S. Rice, Jay S. Siskind, Asst. County Atty., Mike Driscoll, County Atty., Houston, TX, for appellant.

Curtis B. Stuckey, Stuckey & Garrigan, Nacogdoches, TX, for appellees.

Before ALDISERT **, REYNALDO G. GARZA and DUHÉ, Circuit Judges.

PER CURIAM:

Defendant Denholm appeals the denial of his motion for summary judgment that was based upon his assertion of qualified immunity. Finding no error, we AFFIRM.

### I.

Gloria Jean Harper, individually, and as mother and next friend of her son Jordan Harper, sued J.P. Denholm, individually,[1] under 42 U.S.C. § 1983 for wrongful arrest, use of excessive force incident to Gloria Harper's arrest in violation of the Fourth Amendment, invasion of privacy, and pendent state law claims.

Harper's complaint alleges that on October 29, 1990, Denholm illegally arrested Harper as she was walking with her infant son, Jordan, to a bus stop. Harper contends that Denholm cut off her air by grabbing her by the throat, told her to drop her son, referred to her as a "bitch," and threw her to the ground. After transporting her to the jail, Denholm struck Harper on her right knee. Harper allegedly suffered a badly bruised knee and a sore throat.

The district court denied Denholm's motion for summary judgment. Defendant has appealed.

### II.

This Court has jurisdiction over an interlocutory appeal of a denial of summary

---

** Circuit Judge of the Third Circuit, sitting by designation.

1. The district court dismissed Denholm, in his official capacity, and Sheriff Johnny Klevenha-

gen. The remaining defendants are Harris County, Texas, and Denholm, individually.

judgment on the ground of qualified immunity. Review of a district court's ruling on a motion for summary judgment is plenary. *King v. Chide,* 974 F.2d 653, 655 (5th Cir. 1992). We apply the same standards as those that govern the district court's determination. *Id.*

■ Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 655–56; Fed.R.Civ.P. 56(c). To determine whether there are any genuine issues of material fact, we first consult the applicable substantive law to ascertain the material factual issues. *King,* 974 F.2d at 656. Then we view the evidence bearing on those issues, viewing the facts and inferences in the light most favorable to the nonmoving party. *Id.*

### III.

■ Denholm claims that he is entitled to qualified immunity in that his use of force was objectively reasonable under the circumstances and in light of the legal rules established at the time of the arrest. He contends, inter alia, that he is entitled to qualified immunity because Harper failed to plead and create a fact issue she had sustained a significant injury while being arrested.

■ Qualified immunity protects a police officer from liability if a reasonable competent law enforcement officer would not have known that his actions violated clearly established law. *Anderson v. Creighton,* 483 U.S. 635, 639, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987). The objective reasonableness of the officer's conduct is measured with reference to the law as it existed at the time of the conduct in question. *King v. Chide,* 974 F.2d 653, 657 (5th Cir.1992). Therefore, the right the official is alleged to have violated must have been clearly established at the time of the occurrence. *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). The contours of the right must be sufficiently clear so that a reasonable official would understand that what he is doing violates that right. *Johnston v. City of Houston,* 14 F.3d 1056 (5th Cir.1994) (citing *Creighton,* 483

U.S. at 640, 107 S.Ct. at 3039). If, upon viewing the evidence in the light most favorable to the non-movant, reasonable public officials could differ on the lawfulness of the defendant's actions, the defendant is entitled to qualified immunity. *See id.* (citing *Pfannstiel v. City of Marion,* 918 F.2d 1178, 1183 (5th Cir.1990)).

■ The examination of a claim of qualified immunity is a two-step process. The first inquiry is whether the plaintiff has alleged a violation of a clearly established constitutional right. *Siegert v. Gilley,* 500 U.S. 226, 231–32, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991). It is well settled that if a law enforcement officer uses excessive force in the course of making an arrest, the Fourth Amendment guarantee against unreasonable seizure is implicated. *King,* 974 F.2d at 656. The next step is to determine the standard by which to judge the reasonableness of the officer's behavior. *Id.* at 657.

■ Denholm argues that controlling authority in October 1990 required a plaintiff alleging an excessive force case under the Fourth Amendment to prove a significant injury, which resulted directly and only from the use of force that was clearly excessive to the need, and the excessiveness of that need was objectively unreasonable. *Johnson v. Morel,* 876 F.2d 477, 480 (5th Cir.1989) (en banc). The Supreme Court overruled the significant injury prong in an Eighth Amendment excessive use of force context. *Hudson v. McMillian,* —— U.S. ——, ——, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156, 167 (1992). We now hold that the *Johnson* standard is no longer valid in the wake of *Hudson v. McMillian,* —— U.S. ——, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992), to assess whether plaintiff has alleged a constitutional violation. A plaintiff is no longer required to prove significant injury to assert a section 1983 Fourth Amendment excessive force claim. *See Knight v. Caldwell,* 970 F.2d 1430, 1432 (5th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1298, 122 L.Ed.2d 688 (1993). However, appellant concludes that since we are to judge the objective reasonableness of the officer's conduct under the laws established at the time of the occurrence, he is shielded by qualified immunity because the since dis-

carded "significant injury" component still existed on the date of the arrest. Denholm's argument implies that his conduct cannot be declared "unreasonable" if no significant injury resulted.

█ This Court has decisively rejected the retroactive application of new legal standards to excessive force claims involving qualified immunity, and has held that the objective reasonableness of a government official's conduct must be measured with reference to the law as it existed at the time of the conduct in question. *See, e.g., Creighton,* 483 U.S. at 637, 107 S.Ct. at 3038; *see also Rankin v. Klevenhagen,* 5 F.3d 103, 108–09 (5th Cir.1993) (requiring objective reasonableness to be measured with reference to constitutional benchmarks and the law existing at the time of the conduct). The benchmark for objective reasonableness is that which existed at the time of the alleged violation—we look to clearly established law at that time. *Johnston v. City of Houston,* 14 F.3d at 1060 (5th Cir.1994) (citing *Spann v. Rainey,* 987 F.2d 1110, 1114 (5th Cir. 1993)). This task necessarily encompasses judging the reasonableness of the officer's conduct in light of the specific contours of the right to be free from excessive force during arrest that predominated at the time.

█ We recently decided this very issue in *Rankin v. Klevenhagen,* 5 F.3d 103 (5th Cir.1993). There we held that in determining the objective reasonableness of the officer's use of force in 1989, the court should apply the significant injury test of *Shillingford v. Holmes,* 634 F.2d 263 (5th Cir.1981), and *Johnson* since that was the constitutional benchmark when the events occurred. Likewise, the same test should have been applied to the events in this case which occurred in 1990. The district court did not consider the seriousness of the alleged injuries in determining whether the officer's conduct was objectively reasonable. It should have.

Even applying the proper test, the evidence reveals that a genuine issue of material fact remains regarding the use of excessive force and the objective reasonableness of using such force, so Denholm is not entitled to summary judgment. Of course, Denholm still may assert qualified immunity at trial.

We express no view as to the facts that may be established at trial or as to the legal significance of those facts.

### IV.

█ Denholm next argues that the district court incorrectly denied his claim to qualified immunity with regard to the unlawful arrest charge.

Both sides have offered proper summary judgment evidence to corroborate their version of the facts. Clearly, a genuine dispute as to the material facts exists, as exhibited by the contradictory account of the events. Summary judgment is inappropriate unless plaintiff's version of the violations do not implicate clearly established law. This is not the case. Harper has asserted gross infringements of fundamental Constitutional protections. If Harper's facts prove to be correct, Denholm was either plainly incompetent or he knowingly violated the law, and qualified immunity will not protect him.

█ Denholm next states that the district court erred in denying him qualified immunity for the unlawful arrest allegation. Denholm contends that he had probable cause to believe that Harper violated Texas law which prohibits evading arrest or detention. A person commits that offense if she "intentionally flees from a person [s]he knows is a peace officer attempting to arrest h[er] or detain h[er] for the purpose of questioning or investigating possible criminal activity." TEX.PEN.CODE ANN. § 38.04 (Vernon Supp.1993). A peace officer can only arrest an individual without a warrant if the officer has probable cause to believe that a serious offense has occurred or where he witnesses a violation of the law. *Hafford v. State,* 828 S.W.2d 275, 277 (Tex.App.—Fort Worth 1992, writ ref'd), *cert. denied,* —— U.S. ——, 113 S.Ct. 1313, 122 L.Ed.2d 700 (1993). The test for probable cause in Denholm's warrantless arrest of Harper is whether, at the moment of the arrest, the facts and circumstances within Denholm's knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent person in believing that Harper had committed or was committing an offense. *See id.*

■ Denholm criticizes the district court for failing to address whether a genuine issue of material fact exists by delegating the question of probable cause to the jury. Denholm relies on the language in *Hunter v. Bryant,* —— U.S. ——, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (per curiam), in which the Court admonished the Ninth Circuit for routinely placing the question of immunity in the hands of the jury, even though immunity ordinarily should be decided by the court long before trial. *Hunter,* —— U.S. at ——, 112 S.Ct. at 537. The Court emphasized that "[e]ven law enforcement officials who 'reasonably but mistakenly conclude that probable cause is present' are entitled to immunity." *Id.* —— U.S. at ——, 112 S.Ct. at 536. However, in *Hunter* there were undisputed material facts. While it is correct that the reasonableness of the arresting officer's conduct under the circumstances is a question of law for the court to decide, such is not the case where there exist material factual disputes as in the case before us. *See id.* —— U.S. at ——, 112 S.Ct. at 537.

In the case at bar, Plaintiff Harper has specifically denied that she attempted to evade arrest or detention. The facts supporting the warrantless arrest are in serious dispute and turn on a credibility determination that can only be made by the jury.

Finally, the appellant raises issues dealing with Harper's claims of interference with the integrity of the family unit, invasion of privacy, as well as several pendent state law causes of action. Insofar as the district court did not rule on these issues, they are sent back to be resolved during the course of the trial.

### V.

For the foregoing reasons, the district court's denial of qualified immunity is

AFFIRMED.

### OPINION ON RECONSIDERATION

#### May 11, 1994

PER CURIAM:

The Court has, sua sponte, reconsidered its opinion issued in this matter on April 29, 1994, and finds portions of Part III thereof inconsistent with its opinion in *Rankin v. Klevenhagen,* 5 F.3d 103 (5th Cir.1993). Accordingly, we vacate Part III of our prior opinion in this matter and substitute therefor the following:

■

Except as herein modified our original opinion remains unchanged.

REYNALDO G. GARZA, Circuit Judge, Concurring Specially.

I concur specially in the opinion in this case by my brethren Duhé and Aldisert because the case is being returned to be tried to a jury on whether or not Officer Denholm used excessive force or not.

I believe that *Rankin v. Klevenhagen,* 5 F.3d 103 (5th Cir.1993), was decided wrongly. Even the panel admits in the opinion that it creates problems.

In my view, after *Hudson v. McMillian,* —— U.S. ——, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992), the type of injury suffered is no longer viable and whenever or not an officer used excessive force, it has to be left to the trier of fact. If no excessive force was used, the officer is acquitted and gets his immunity from suit. If the trier of fact says excessive force was used then he must suffer the consequences.

Personally, I cannot conceive of any scenario where qualified immunity can be granted when there is a disputed question of fact as to whether or not excessive force was used in making an arrest using the factors enunciated in *Hudson v. McMillian,* as a guide on whether or not there was excessive force used.