DENNIS, Circuit Judge,
specially concurring:
I concur in the result of the majority’s decision, i.e., that the plaintiffs action does not reach the threshold of a claim based on a constitutional violation. My only objection to the majority’s opinion is that it disposes of the plaintiffs’ substantive due process claim by constructing a vagary that has no real basis in law. The majority states:
There is no constitutional right to be free from emotional distress. See Grandstaff v. City of Borger, Tex., 767 F.2d 161, 172 (5th Cir.1985).
If all the majority means is that a person cannot recover for emotional distress under § 1983 unless that distress stems from a constitutional violation, the statement is merely misleading due to lack of precision and coherence. Further, the statement does not explain why there was no constitutional violation in this case. On the other hand, I seriously doubt that the majority intends to imply that a person can never recover damages for emotional distress under § 1983 or cannot recover for such distress in the absence of physical or significant injury. The law is too well settled to the contrary. Memphis Community School Dist. v. Stachura, 477 U.S. 299, 306, 106 S.Ct. 2537, 2542, 91 L.Ed.2d 249 (1986) (mental and emotional distress constitute compensable injury in *787 § 1983 cases); Carey v. Piphus, 435 U.S. 247, 264, 98 S.Ct. 1042, 1052, 55 L.Ed.2d 252 (1978) (same); Harper v. Harris County, Tex., 21 F.3d 597 (5th Cir.1994) ( a plaintiff is no longer required to prove significant injury to assert a § 1983 Fourth Amendment excessive force claim); see Dunn v. Denk, 79 F.3d 401 (5th Cir.1996) (this court’s holding in Johnson v. Morel, 876 F.2d 477 (5th Cir.1989) (en banc), which grafted onto the Fourth Amendment objective reasonableness standard of Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) the additional requirement of a significant injury, has been effectively overruled by Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)).
Moreover, as I read Grandstaff v. City of Barger, Tex., 767 F.2d 161 (5th Cir.1985) it cannot properly be made to stand for a broad rule that there is no constitutional right to be free from emotional distress. It simply holds that bystanders may not recover under § 1983 for officers’ negligent infliction of emotional distress by shooting and killing their husband and stepfather within their sight. The Grandstajf opinion, 767 F.2d at 172. stated:
Negligent infliction of emotional distress is a state common law tort; there is no constitutional right to be free from witnessing this police action. “Section 1983 imposes liability for violation of rights protected by the Constitution, not for violations of duties of care arising out of tort law.” Baker v. McCollan, 443 U.S. 137, 146, 99 S.Ct. 2689, 2695-96, 61 L.Ed.2d 433 (1979).
Before GARWOOD, EMILIO M. GARZA and DENNIS, Circuit Judges.
ON PETITION FOR REHEARING
Nov. 22, 1996
PER CURIAM:
IT IS ORDERED that the motion for leave to file request for rehearing out of time is GRANTED. IT IS FURTHER ORDERED that the petition for rehearing is DENIED. The court has reviewed the authority cited in the petition and finds that none raises disagreements with a high school band director to the level of a violation of the First or Fourteenth Amendments.
IT IS FURTHER ORDERED that, counsel having failed to show cause why sanctions should not issue, double costs and reasonable attorney’s fees are hereby awarded to Defendants pursuant to Fed.R.App.P. 38. Defendants should submit to this court their attorney’s fees statement and costs within two weeks of entry of this order.