IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41382
Conference Calendar
_____

JUAN ANTONIO MONTOYA,

                                    Plaintiff-Appellee,

versus

CITY OF BROWNSVILLE ET AL.,

                                    Defendants,

KIRK MASSEY, Police Officer,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-97-CV-112
--------------------

August 27, 1999

Before KING, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Kirk Massey appeals the district court's denial of his motion for summary judgment in a civil rights lawsuit filed by Juan Antonio Montoya. The motion argued that Massey was entitled to qualified immunity. The district court held that, under Montoya's version of events, Massey had arrested him without probable cause, after he had expressed an opinion about police

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

officers that Massey did not like.

We have jurisdiction to review the denial of a motion for summary judgment based on qualified immunity only to the extent the district court's denial turned on issues of law. Mitchell v. Forsyth, 472 U.S. 511, 528 (1985). Although we lack jurisdiction to review a district court's determination that there exist genuine issues of fact, we do have jurisdiction to review a determination that the issues are material. Colston v. Barnhart, 146 F.3d 282, 284 (5th Cir.), cert. denied, 119 S. Ct. 618 (1998). We accept the district court's statement of the genuinely disputed facts, and we conduct a de novo review of the court's conclusions about materiality. Lemoine v. New Horizons Ranch and Ctr., Inc., 174 F.3d 629, 634 (5th Cir. 1999).

Whether a public official is qualifiedly immune depends on two inquiries. Harris v. Victoria Indep. Sch. Dist., 168 F.3d 216, 223 (5th Cir. 1999). First, a defendant is entitled to qualified immunity when a plaintiff has failed to allege the violation of a clearly established constitutional right. Id. Second, a defense of qualified immunity will succeed if the defendant's conduct was objectively reasonable at the time in light of clearly established law. Id. Massey insists that his arrest of Montoya was objectively reasonable.

If, as Montoya testified and the district court assumed, Massey arrested him for asserting that police officers are arrogant, Massey violated Montoya's right to be free from arrest without probable cause. "The test for probable cause . . . is whether, at the moment of arrest, the facts and circumstances

within [the arresting officer's] knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent person in believing that [the arrestee] had committed or was committing an offense." Harper v. Harris County, Tex., 21 F.3d 597, 601 (5th Cir. 1994). In Montoya's account of the events, he had not been drinking on the day of his encounter with Massey, and he exhibited no signs of intoxication. If that is true, Massey did not have probable cause to arrest Montoya for public intoxication.

Massey argues that there was probable cause to arrest Montoya for failing to identify himself to an officer. Montoya contends that this argument was not raised in the district court and is waived. Massey's argument does appear in the motion for summary judgment, however. Montoya also contends that he was never asked to identify himself to Massey. Montoya's testimony was that he refused to identify himself to another officer at the detention facility only after Massey had arrested him and transported him to the facility. Under Montoya's version, "at the moment of the arrest," Massey could not have had probable cause to arrest him for an event that had not yet occurred. Harper, 21 F.3d at 601.

Because there is a genuine issue of material fact, the denial of Massey's motion for summary judgment is not appealable.

APPEAL DISMISSED.