IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 99-30430
_____


DAWNITA LYNN HODGE,

Plaintiff-Appellee,

versus

EDWARD LARYISSON, Etc., ET AL.,

Defendants,

KEITH BILLIOT,

Defendant-Appellant.
_____

Appeal from the United States District Court for the
Eastern District of Louisiana
USDC No. 97-CV-555-J
_____
July 7, 2000
Before POLITZ, JOLLY, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

This 42 U.S.C. § 1983 case[2] was brought against Keith Billiot, a federal Drug Enforcement Agency officer who participated in a drug raid conducted by local law enforcement officials. He, along with several other defendants, was charged with violating the Fourth Amendment rights of Dawnita Lynn Hodge in several respects. We reverse the district court's decision denying Billiot's motion

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2]Specifically, Hodge's case is a "Bivens" action. See Bivens v. Six Unknown Named Agents of the Federal Narcotics Bureau, 403 U.S. 388 (1971).

for summary judgment on qualified immunity grounds.  We conclude that under the circumstances here his conduct was, as a matter of law, objectively reasonable.

I

On December 6, 1996, the police raided Hodge's apartment in Hammond, Louisiana, based on information that two drug dealers, carrying a quantity of drugs, were inside the apartment.  Hodge is a police officer, a fact the officers knew before entering the apartment.  Billiot, who was in town on other business, was invited to participate in the raid by a local police officer.

Hodge contends that the officers, including Billiot, forcibly entered her apartment without knocking and announcing their presence.  She alleges that the officers came into her bedroom, forced her facedown onto the floor, and handcuffed her.  Hodge contends that Billiot placed his weapon in her face and demanded to know where her service revolver was.  Based on this conduct, Hodge alleges that Billiot, among others, violated her Fourth Amendment rights by conducting an illegal search of her home and an illegal seizure of her person.[3]  Hodge additionally argues that when

---

[3]The precise basis of Hodge's Fourth Amendment claims are not clearly articulated in her complaint.  The district court stated, however, "[w]hile the complaint does not specifically allege that the officers violated Hodge's rights by failing to knock and announce their authority, the Magistrate Judge addressed this issue in a Report and Recommendation entered on September 19, 1997.  By order and reasons entered on October 9, 1997, the Court found the issue of announcement to be an integral part of [her] claim of unconstitutional search and seizure."

Billiot placed his gun in her face, he violated her Fourth Amendment rights by the unreasonable application of force. Finally, Hodge argues that Billiot had a duty to restrain the (unspecified) unconstitutional conduct of the other officers, even when he did not commit the alleged constitutional violations himself.

In sum, Hodge seems to allege and argue four Fourth Amendment claims: An unreasonable search claim; an unreasonable seizure claim; an excessive force claim; and an allegation that Billiot violated a duty to restrain his fellow officers from engaging in unconstitutional conduct.

## II

We review *de novo* the denial of Billiot's motion for summary judgment on the basis of qualified immunity. See Petta v. Rivera, 143 F.3d 895, 900 (5th Cir. 1998)(citation omitted).

## III

We conduct a bifurcated analysis to assess whether a defendant is entitled to qualified immunity. See Harper v. Harris County, Tex., 21 F.3d 597, 600 (5th Cir. 1994). The first step is to determine whether the plaintiff has alleged a violation of a clearly established constitutional right. Id. We use "currently applicable constitutional standards to make this assessment." Rankin v. Klevenhagen, 5 F.3d 103, 106 (5th Cir. 1993). The second step is to determine "whether the defendant's conduct was objectively reasonable." Spann v. Rainey, 987 F.2d 1110, 1114 (5th

Cir. 1993). The reasonableness of the conduct must be assessed in the light of the law as it existed at the time of the conduct in question. See Harper, 21 F.3d at 601.

IV

We now turn to consider the merits of each of the issues presented by Billiot's arguments that the district court erred in denying his motion for summary judgment.

A

We first consider an issue not raised explicitly by Hodge's pleadings, but discovered by the district court, *sua sponte*, within the broad outlines of her complaint, i.e., the "knock-and-announce" issue. Here, Billiot admits he was the third or fourth officer to enter the apartment; this is undisputed. It is also undisputed that Billiot was a mere participant, indeed an invitee, in the raid and had no supervisory authority over the other participating officers or the operation. Although there is a factual dispute regarding whether the officers knocked and announced,[4] this dispute

---

[4]Billiot stated, "I did not personally knock on the door but I did announce myself. I stated, 'Police, we have a search warrant. Open the door.'" Billiot also avers that the officer accompanying him made the same announcements. These other officers submitted declarations to the same.

Hodge testified in her deposition that she heard three bangs on the door before the door collapsed. She testified that she did not hear the officer's announcements, but admitted it was possible she simply did not hear them. There is testimony, however, directly contrary to the officers' account by an apartment resident living across the street. In a sworn deposition, this neighbor testified that he witnessed the event, but heard no knock and no announcements. Instead, his testimony was that the police used a battering ram to open the door, a sound he heard clearly.

does not divest us of appellate jurisdiction because the question does not depend on a factual dispute and can be decided as a matter of law. See, e.g., Behrens v. Pelletier, 116 S.Ct. 834, 842 (1996)("[S]ummary judgment determinations are appealable when they resolve a dispute concerning an 'abstract issu[e] of law' relating to qualified immunity . . . . *Johnson* permits petitioner to claim on appeal that all of the conduct which the District Court deemed sufficiently supported for purposes of summary judgment met the *Harlow* [*v. Fitzgerald*] standard of 'objective legal reasonableness.'")(citing Johnson v. Jones, 515 U.S. 304, 313-18 (1995)); Mitchell v. Forsyth, 472 U.S. 511, 528-29 & n.9 (1985). The question of law presented is whether Billiot had any individual Fourth Amendment duty to knock-and-announce on these facts. We think not. We agree, of course, that "the method of an officer's entry into a dwelling [is] among the factors to be considered in assessing the reasonableness of a search or seizure." See Wilson v. Arkansas, 115 S.Ct. 1914, 1916-18 (1995). We do not think, however, that Billiot's individual failure, as one of several non-supervisory participants in the search, to knock-and-announce was unreasonable. As a veritable "tag-along," Billiot had no duty and no responsibility to second guess the supervisory officers he accompanied. Hodge points us to no case law, and we have not found any, imposing a constitutional duty on each officer engaged in a search to knock and announce. Thus, his failure to rush forward and knock and announce, when the supervisor of the operation had

5

chosen not to do so (assuming the evidence most favorable to Hodge), was objectively reasonable. Consequently, on the facts in this record, no liability can be imposed upon Billiot individually for this alleged violation of Hodge's Fourth Amendment rights.

B

We next consider Hodge's argument that Billiot is individually liable on the second claim of the illegality of the search itself, i.e., the allegedly invalid search warrant. In its order, the district court stated: "While Hodge contends that Chad Scott omitted critical facts in the warrant application, namely, the unreliability of the alleged informant, Hodge does not allege that Billiot assisted in procuring the warrant or even knew of the allegations contained in the warrant application."

Billiot cannot be liable for his reliance on a search warrant that he had no role in procuring; he is entitled to rely on a facially valid warrant. An officer may rely, in good faith, on the acts of another officer either in executing a warrant procured by another officer or in filing a warrant application filled out by another. See, e.g., Bennett v. City of Grand Prairie, Texas, 883 F.2d 400, 408 (5th Cir. 1989) (holding that an officer who merely participated in an arrest, but did not participate in obtaining the allegedly defective warrant, had no liability)("Officer Little, who executed an arrest warrant valid on its face, also acted reasonably and competently, since she was entitled to assume that the warrant was obtained validly."); Hart v. O'Brien, 127 F.3d 424, 445 (5th

6

Cir. 1997) ("[A]n officer who has no personal knowledge of facts asserted in an affidavit [may] rely on information provided by another officer to file a warrant application.") (citing <u>Kalina v. Fletcher</u>, 522 U.S. 118, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997)), *abrogation on other grounds recognized by* <u>Spivey v. Robertson</u>, 197 F.3d 772, 775 (5th Cir. 1999).[5]  Consequently, Billiot is entitled to qualified immunity to Hodge's inadequacy of the warrant claim.

C

Hodge's excessive force claim against Billiot is that she suffered various psychological injuries when Billiot pointed his gun at her demanding to know where her service revolver was.  In an affidavit, Hodge states that Billiot, "[i]n a 'cold and calculating manner,'" placed a loaded gun to her face and demanded her duty weapon.  Billiot denies this accusation.  In order to state a claim for excessive force in violation of the Constitution, a plaintiff must allege (1) an injury, which (2) resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was objectively unreasonable.  <u>See</u> <u>Ikerd v. Blair</u>, 101 F.3d 430, 433-34 (5th Cir. 1996).

We have reviewed the record on this incident.  Simply put, assuming Hodge's version of events, Billiot's use of his weapon under the circumstances of this drug raid was not objectively

---

[5]Indeed, on appeal, Hodge presents no distinct legal argument that Billiot himself violated her constitutional rights by his reliance on a facially valid warrant.  Instead, she conflates this issue with the knock-and-announce issue.

unreasonable under the circumstances.  See, e.g., Hinojosa, 834 F.2d at 1230; Simons v. Montgomery County Police Officers, 762 F.2d 30, 33 (4th Cir. 1985).

D

Finally, we consider Hodge's argument that Billiot had a duty to restrain the allegedly unconstitutional conduct of the other officers.  Hodge does not allege that Billiot should have restrained a physical assault against her by other officers. Instead, her complaint appears focused on the lack of probable cause for the search warrant.[6]  We have already observed that under the circumstances of this case Billiot was entitled to rely on a facially valid warrant.  Moreover, case law imposing this duty based on the failure to prevent the conduct of others appears restricted to a duty arising only with respect to some instances of the unlawful use of physical force.  See, e.g., United States v. Reese, 2 F.3d 870, 888 & n.22 (9th Cir. 1993) ("[I]ndividuals in the custody or control of law enforcement personnel have a right to be kept free from harm while they are so held. . . . This right demands not only that officers refrain from deliberately placing their victim's in harm's way, but also that they take reasonable steps to assist those who are threatened with harm by others.").

_____

[6]The district court noted that Hodge did not detail which constitutional right this duty extended to, but appeared to suggest that it went to the lack of probable cause for the search warrant. There are no facts to suggest that Billiot had anything to do with that warrant.

8

See also id. at n.24 (citing cases).  The district court's reliance on Ware v. Reed, 709 F.2d 345 (5th Cir. 1983), cited for the proposition that "the Fifth Circuit has held that law enforcement officers are obligated to prevent fellow officers from violating a citizen's constitutional rights," was misplaced.[7]  In sum, we cannot conclude that Billiot was under any "clearly established" duty to restrain the conduct of his fellow participating law enforcement officers, especially since the duty to which Hodge speaks goes to procurement or reliance on an invalid warrant.

V

For the reasons stated above, we conclude that Billiot was entitled to summary judgment on qualified immunity grounds on all claims brought by Hodge against him in this case.  Therefore, the summary judgment denying Billiot qualified immunity is

REVERSED and REMANDED for
entry of judgment in accordance with this opinion.

---

[7]In Ware, a non-suspect in a murder investigation was verbally and physically abused during custodial interrogation.  The panel stated that "[t]here is no evidence in the record which indicates that there was ever any need for the officers to use any degree of force against him."  Id. at 351.  Not only are the factual contexts are quite different, but the duty issue in Ware was directed at the inaction of the Chief of Police, who allegedly stood by and watched these unconstitutional acts.