**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 00-10027

(Summary Calendar)

_____


TOMMY L. DOOLITTLE,

                                        Plaintiff-Appellant,

versus


STEPHEN BAUGH, Dallas Police Officer;
TROY KLINGLESMITH, Dallas Police Officer;

                                        Defendants-Appellees.



Appeal from the United States District Court
For the Northern District of Texas
Dist. Ct. No. 3: 98-CV-2463-G


                                        November 3, 2000

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]


    Tommy L. Doolittle appeals the summary judgment in favor of Defendants, Officers Stephen

Baugh and Troy Klinglesmith.  Finding that the district court properly granted summary judgment,

    [*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

we now affirm.

Officers Baugh and Klinglesmith were patrolling in the 1400 block of Fitzhugh when they saw a man standing on the porch of a known drug house. The uniformed officers stopped their marked patrol car and walked towards the man, who froze upon seeing them. Officer Baugh saw what he thought to be a plastic bag handed through the door to the man on the porch. Officer Baugh grabbed the hand of the man at the door, Tommy L. Doolittle. Doolittle pulled his hand away and retreated into the house. Officer Baugh pursued him into the house. Doolittle ran into the bathroom and he proceeded to pull the door in as Officer Baugh attempted to pull the door open. Officer Baugh got the door open only to find Doolittle pointing a gun at his head. Officer Baugh slammed the door shut and ran out of the house. Doolittle fired several shots after the officers, who returned fire. Doolittle brought suit under 18 U.S.C. §1983 alleging violations of his Fourth Amendment rights.

The district court granted the motion for summary judgment. As a threshold matter, the district court examined the Defendants' qualified immunity defense. It found that Doolittle failed to allege particularized facts that are required to defeat a summary judgment motion grounded in qualified immunity. Instead, Doolittle made conclusory allegations that the defendants entered his home without probable cause. With regard to Doolittle's claim of excessive force, the district court found that Doolittle failed to allege facts to show that a reasonable officer would have found Officer Baugh's actions unjustified. The district court noted that, like his motion, Doolittle's affidavits contained only conclusory statements, which were insufficient to overcome the qualified immunity claim.

Summary judgment is proper if the movant demonstrates that there are no genuine issues of material fact. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 275 (5th Cir. 1992). On appeal from

grant of summary judgment, we review the record de novo. We view the evidence in the light most favorable to the nonmoving party below, here Doolittle. *See id.* The officers are entitled to a judgment as a matter of law if Doolittle fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Fed. R. Civ. P. 56(c). If the defendants have shown the absence of genuine issues of material facts, Doolittle must "designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). In order to meet this burden, the facts must be more than conclusory allegations. *See id.*

With regard to the Defendants' qualified immunity defense, we must first inquire as to whether Doolittle has alleged the violation of a clearly established constitutional right. *See Siegert v.* Gilley, 500 U.S. 226, 232,111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991); *Duckett*, 950 F.2d at 276-77. Even if we find that Doolittle has alleged such a violation, qualified immunity shields public officials from civil liability so long as "their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Druckett*, 950 F.2d at 279 *quoting Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, (1987). Or put another way, we look at the objective legal reasonableness of the officers' actions. *See Druckett*, 950 F.2d at 280. Where a qualified immunity defense has been asserted, the plaintiff faces a heightened pleading requirement. The plaintiff must plead with particularity the basis for defeating that affirmative defense. *See Elliot v. Perez*, 751 F.2d 1472, 1473 (5t h Cir. 1985). To plead with particularity, the plaintiff must assert more than mere conclusions. *See Schultea v. Wood*, 47 F.3d 1427, 1433-434 (5th Cir. 1995)

Doolittle appeals the summary judgment on two grounds. First, he asserts that there are

genuine issues of material fact. Doolittle now contends for the first time that the officers had determined that no drug transaction had taken place before Officer Baugh grabbed Doolittle's hand. Because he did not raise this factual contention at the district court, we cannot review it on appeal. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (holding that plaintiff waived factual contentions not raised at the district court). Doolittle argues that the hand drawn map submitted to the court raises issues of material fact. Assuming *arguendo* that this is evidence competent for summary judgment, this map verifies the officers' version of events. The map raises only one potential issue of material fact: Doolittle's position in the house when the officers approached. The map shows Doolittle as being in his living room rather than at the door. Doolittle, however, now concedes that he was at the front door when the officers approached rather than in his living room. Because he has now abandoned this contention, we will not address it. *See Brinkman v. Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (holding that a factual contention abandoned on appeal will not be reviewed).

Doolittle argues that the Defendants' nondisclosure of the man standing on the porch, whom Doolittle asserts would have testified to the fact that no drug transaction occurred, creates a genuine issue of fact. Doolittle mistakenly relies on the dissent in *Celotex*, 477 U.S. at 332-33 (Brennan J. dissenting), for the proposition that if the moving party overlooked a witness that could provide favorable testimony for the nonmoving party, the court could not grant summary judgment. In context, the dissent was discussing the nonmoving party's ability to call attention to evidence ignored by the movant and, thereby, force the movant to address that evidence.[1] Moreover, it was Doolittle's burden to present evidence to refute the summary judgment motion, not the Defendants' burden.

---

[1] We note with some curiosity that Doolittle makes this claim regarding the need for the disclosure of this witness and, yet, he alleges that the witness was a neighbor, not a stranger. If the latter were true, it would seem to render disclosure wholly unnecessary.

Finally, Doolittle's contentions regarding the officers yelling at him or breaking down his door are irrelevant to whether or not the officers' had probable cause and, therefore, are not material facts. Thus, Doolittle's claim that there were issues of material fact is without merit.

Doolittle also contends that the district court erred in granting qualified immunity to the defendants. Doolittle challenges the district court's determination that he failed to meet the heightened pleading requirement to withstand summary judgment on a qualified immunity defense. Doolittle incorrectly asserts that this finding was a credibility determination. In a suit brought against an individual officer, we have held that the plaintiff faces a heightened pleading requirement. *See Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996). He must state with particularity in his complaint the facts underpinning his allegation of a constitutional violation. As we have said, this standard "requires more than conclusory assertions. It requires claims of specific conduct and actions giving rise to a constitutional violation." *Id.* Here, Doolittle made only the bald assertion that the defendants lacked probable cause to stop or to enter his home. He made that same assertion, without supporting factual allegations, in his complaint, the questionnaire administered by the magistrate judge, and his Fed. R. Civ. P. 7 responses to the Defendants' affirmative defense of qualified immunity. Each one of these pleadings provided Doolittle with the opportunity to allege the facts which led him to believe that the officers stopped and entered his house without probable cause.[2] Thus, the district court correctly found that Doolittle failed to meet this pleading requirement.

---

[2] Doolittle did advance more particularized facts to support his allegation that the officers entered his house without the existence of exigent circumstances in his Brief in Opposition to the Motion for Summary Judgment. However, he provided no supporting affidavits for the allegations contained in his brief. In the absence of such supporting evidence, these allegations come too late. *See Elliott v. Perez*, 751 F.2d 1472, 1473 (5th Cir. 1985) (requiring that the "plaintiff's complaint state with factual detail and particularity the basis for the claim" and refutes the claim of qualified immunity); Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir. 1995) (acknowledging the role that a Rule 7 reply has in pleading with particularity the facts refuting a qualified immunity defense).

Lastly, Doolittle contends that the district court erred in granting qualified immunity on his claims of excessive force. "It is well settled that if a law enforcement officer uses excessive force in the course of making an arrest, the Fourth Amendment guarantee against unreasonable search and seizure is implicated." *Harper v. Harris County*, 21 F.3d 597, 600 (5th Cir. 1994). In order to make out claim of excessive force, the plaintiff must show that he was injured, that the injury resulted directly and only from force that was clearly excessive, and that the excessiveness was clearly unreasonable. *See Williams v.* Bramer, 180 F.3d 699, 703 (5th Cir. 1999); *Heitschmidt v. City of Houston*, 161 F.3d 834, 836 (5th Cir. 1998); *see also Harper v. Harris County*, 21 F.3d 597, 600 (5th Cir. 1994). Doolittle has failed to show that the officers' actions in entering his home and in slamming a door in his face, when he pointed a gun at the officer, constituted an excessive use of force or that their actions were objectively unreasonable. *See Dunn v. Denk*, 79 F.3d 401, 403 (5th Cir. 1996) (en banc). The district court's judgment is therefore AFFIRMED.