United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 29, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10583
Summary Calendar
_____

NORMAN DEAN SMITH,

                              Plaintiff-Appellee,

versus

JEFFREY PATRI, Tarrant County Jailer; ET. AL.,

                              Defendants,

JEFFREY PATRI, Tarrant County Jailer,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CV-463-A
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

     Plaintiff-appellee Norman Dean Smith, Texas state prisoner
# 631984, filed this pro se civil rights action under 42 U.S.C.
§ 1983 against former Tarrant County Jailer Jeffrey Patri and
another defendant, alleging violation of his rights by filing an
inaccurate report that Smith possessed cocaine in the jail, by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

searching him, and by subsequently prosecuting him for this offense.  Patri now appeals the district court's order denying his summary-judgment motion insofar as it asserted the defense of qualified immunity against the federal claims.  We REVERSE and REMAND.

"Government officials acting within their discretionary authority are immune from civil damages if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Evett v. Detntff, 330 F.3d 681, 687 (5th Cir. 2003).  This court's "examination of a claim of qualified immunity is a two-step process."  Harper v. Harris County, Texas, 21 F.3d 597, 600 (5th Cir. 1994).  "First, the plaintiff must allege the violation of a clearly established right. . . . Second, the actions of the officer must be objectively reasonable under the circumstances, such that a reasonably competent officer would not have known his actions violated then-existing clearly established law."  Evett, 300 F.3d at 687 (citation omitted).  The question whether an official's conduct was objectively reasonable is a question of law, to be decided by this court.  Harper, 21 F.3d at 600.

Patri clearly falls within the category of persons for whom qualified immunity was promulgated.  First, he was a government employee.  Second, he was performing a discretionary governmental act, as a sheriff's employee jailing a suspect.  Davis v. Klevenhagen, 971 S.W.2d 111, 116 (Tex. App. 1998).

Investigations of matters within the official's purview are also discretionary acts. See Fowler v. Szostek, 905 S.W.2d 336, 342 (Tex. App. 1995). Thus, the remaining question is whether Patri should prevail under the two-step analysis.

Patri is entitled to immunity because Smith has not pleaded or shown a violation of a clearly established constitutional right. The bases of Smith's complaint against Patri are that he filed a "false" report about Smith's possession of crack cocaine and that he was improperly searched after Patri discovered the crack cocaine about his person. R. 1, 2-3. First, there is no right to a completely accurate police report. Furthermore, Patri admitted before the jury that his memory of the incident had faded over the intervening months and that he could not testify with certainty that Smith dropped the crack cocaine from his hand.

Also without merit is Smith's claim that Patri violated his rights by searching him after Patri saw him drop what he believed to be crack cocaine. A lawfully arrested prisoner has no right to be free from searches of his person. Indeed, the notion that a prisoner when processed into a jail should be free from search is ridiculous. Such a search is valid as a search incident to a lawful arrest. See, e.g., United States v. Shugart, 117 F.3d 838, 846 (5th Cir. 1997). For Patri's search to have violated Smith's rights in this context, this court would have to disavow

law enforcement's authority to protect itself, the general public, and other prisoners by searching arrested persons.

The second step of the immunity analysis asks whether "the actions of the officer [were] objectively reasonable under the circumstances, such that a reasonably competent officer would not have known his actions violated then-existing clearly established law. The question of whether an official's conduct was objectively reasonable is a question of law, to be decided by this Court." Evett, 330 F.3d at 687 (citations omitted). Patri's actions were objectively reasonable, since he was merely doing his job.

It was Patri's responsibility as an intake jailer to search prisoners brought to the Tarrant County Jail. It was especially important for him to search Smith thoroughly because the arresting officer felt that he was concealing something and told Patri that. Undoubtedly there was evidence that Smith was concealing 15 grams of crack cocaine. Thus Patri's search of Smith was objectively reasonable.

Second, Patri's truthful testimony at Smith's trial was objectively reasonable, as shown by the record. Smith does not contest this, but asks whether "a witness's honest testimony [is] a lawful excuse for a fabricated report." He argues that Patri

is not entitled to qualified immunity because he falsified the report, which may have induced the jury to convict him.[**]

This lacks merit because Smith was convicted in spite of the alleged error in Patri's report. The jury convicted Smith <u>after</u> it heard Patri testify that he did not then recall that the drugs fell from Smith's hand but instead may have fallen from his belt or pocket area. <u>See</u> R. 1, 206-09. Thus, the jury convicted Smith notwithstanding Patri's uncertainty concerning whence the drugs fell. Moreover, there was never any question that Patri recovered the drugs from underneath Smith's foot after he placed his foot over them when they hit the floor. Thus, Patri is entitled to summary judgment on his defense of qualified immunity. <u>See</u> <u>Evett</u>, 330 F.3d at 686-90.

REVERSED and REMANDED for further proceedings consistent with this opinion. It is further ORDERED that Smith's motion for damages under FED. R. APP. P. 38 is DENIED.

---

[**] The parties disagree on whether this conviction has been set aside.