23CA0861 Peo v Orona 09-25-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA0861
Jefferson County District Court No. 22CR420
Honorable Lindsay L. VanGilder, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Daniel Orona,

Defendant-Appellant.

---

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE PAWAR
Lipinsky and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 25, 2025

---

Philip J. Weiser, Attorney General, Austin R. Johnston, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, John Plimpton, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Daniel Orona, appeals his convictions based on his possession of bank cards and a driver's license that belonged to other people.  We agree with Orona that the trial court erred by not suppressing evidence that he possessed these items.  We therefore reverse and remand with directions.

## I.     Background

¶ 2     A police officer patrolling a truck stop in Wheat Ridge was running license plates of parked vehicles to see if any came back as stolen.  One did — a Toyota 4Runner parked at the truck stop came back as having been stolen two days prior in Denver.

¶ 3     While the 4Runner remained parked outside, the officer went inside the truck stop and reviewed surveillance tapes to determine when the 4Runner arrived and what the driver looked like.  The officer then returned to his patrol vehicle near the 4Runner.

¶ 4     A short time later, the officer saw Orona exit the truck stop and recognized him as the 4Runner's driver from the surveillance tapes.  The officer approached Orona with his gun drawn and arrested him.  The officer then searched him and found the bank cards and driver's license that belonged to other people.

¶ 5 Orona was charged with criminal possession of a financial device and criminal possession of an identification document. He was not charged with motor vehicle theft.

¶ 6 Orona moved to suppress the items discovered during the search, arguing that the arrest and search were illegal because neither was supported by probable cause. The trial court denied the motion, ruling that the officer had probable cause for the arrest because the 4Runner's plates came back as stolen and the search was legal as one incident to the arrest. The evidence discovered during the search was therefore admitted at trial. Orona was found guilty as charged and convicted and sentenced accordingly.

¶ 7 On appeal, Orona argues that the trial court erred by denying his motion to suppress because the arrest was not supported by probable cause, rendering it and the search illegal. We agree.

## II. Motion to Suppress

¶ 8 We review the trial court's suppression ruling as a mixed question of fact and law. *People v. Dacus*, 2024 CO 51, ¶ 23. We accept the court's factual findings if they are supported by competent evidence in the record. *Id.* But we assess the legal significance of those facts de novo. *Id.*

¶ 9    When reviewing a suppression ruling, we consider only the record created at the suppression hearing. *Id.* at ¶ 24.

¶ 10    An arrest must be supported by probable cause. *Id.* at ¶ 26. Probable cause is "information showing a fair probability that the defendant committed, is committing, or is about to commit a crime." *Id.* At the suppression hearing, it is the prosecution's burden to establish probable cause. *People v. Castaneda*, 249 P.3d 1119, 1122 (Colo. 2011).

¶ 11    Based on this authority, the question before us is whether the prosecution's evidence at the suppression hearing established that, at the time of the arrest, the information known to law enforcement showed a fair probability that Orona stole the 4Runner or knew the 4Runner was stolen when he drove it.[1] The only evidence the prosecution presented on this point was that the 4Runner came back as stolen when the officer ran its plates. Orona was not questioned before the arrest, and there was no physical evidence that the 4Runner was stolen.

---

[1] The crime of motor vehicle theft includes both stealing a vehicle and knowingly exercising control over another's motor vehicle without authorization. § 18-4-409(2)-(4), C.R.S. 2025.

¶ 12    So did the fact that the 4Runner's license plate came back as stolen, in and of itself, constitute probable cause to arrest its driver?  Longstanding Supreme Court authority tells us no.

### A.    *Whiteley* and *Hensley*

¶ 13    In *Whiteley v. Warden*, 401 U.S. 560 (1971), a county sheriff obtained an arrest warrant for the defendant and sent a radio message to law enforcement throughout the state describing the defendant.  *Id.* at 564.  Officers in a different part of the state encountered the defendant.  *Id.* at 563.  Relying on the radio message from the county sheriff, they arrested the defendant and searched his car.  *Id.*

¶ 14    The Supreme Court first concluded that the warrant obtained by the county sheriff was invalid because it was not supported by probable cause.  *Id.* at 565.  Although the sheriff had identified the defendant as the perpetrator of a crime based on an unnamed informant's tip, the application for the warrant did not mention the tip — it included only the sheriff's unexplained assertion that the defendant committed a crime.  *Id.*  The Court therefore held the warrant invalid.  *Id.*

4

¶ 15 Because the warrant was invalid, the Court then considered whether there was nevertheless probable cause to support the warrantless arrest. The Court held that the information known to the arresting officer and the county sheriff at the time of the arrest did not amount to probable cause. *Id.* at 567. The Court therefore concluded that the arrest and search were illegal and their evidentiary fruit was inadmissible. *Id.* at 568-69.

¶ 16 The parties here spend a significant amount of time disputing the import of *Whiteley* and whether our case is analogous to anonymous tip cases. Fortunately for us, the Supreme Court has succinctly summarized *Whiteley*'s holding in terms that are well tailored for application here.

¶ 17 In *United States v. Hensley*, 469 U.S. 221 (1985), the Court explained that "*Whiteley* supports the proposition that, when evidence is uncovered during a search incident to an arrest in reliance merely on a flyer or bulletin, its admissibility turns on whether the officers who *issued* the flyer possessed probable cause to make the arrest." *Hensley*, 469 U.S. at 231. In other words, an officer may arrest a suspect based on only the conclusory and unexplained assertion of a fellow officer (for example, "that car is

5

stolen, arrest the person driving it"). But that arrest is illegal unless the fellow officer (or some combination of officers) has information that amounts to probable cause.

### B. There Was No Probable Cause Here

¶ 18 At the suppression hearing, the officer testified that he ran the 4Runner's plates and it "was listed as stolen." When asked which agency listed it as stolen, he testified "Denver." There was no evidence at the suppression hearing about what Denver agency listed it as stolen or what list or database the information came from. Nor was there any evidence about how the vehicle came to be listed as stolen in this unidentified list or database. As the trial court noted, there was no physical evidence that the 4Runner was stolen — there was no visible damage, the ignition was not punched, and the license plates were not missing or exchanged. And Orona was not questioned at all before the arrest. Consequently, the sum total of the information known to police at the time of the arrest was that the 4Runner's plates were listed as stolen in an unidentified "Denver" database or list. This limited information was merely an unexplained assertion from an unidentified source that the vehicle was stolen.

6

¶ 19     Under *Whiteley*, this was clearly insufficient to establish probable cause for the arrest.  In *Whiteley*, although it was not enough to establish probable cause, at least the Court knew where the unexplained allegation of criminal activity came from (the county sheriff, via an unnamed informant).  Here, the allegation of criminal activity is just as unexplained and its source is even less identifiable (an unknown Denver agency).

¶ 20     It may be true that there was strong and convincing evidence that the 4Runner was stolen.  But it was the prosecution's burden to present this evidence to establish probable cause at the suppression hearing.  *Castaneda*, 249 P.3d at 1122.  And the prosecution failed to do so.

¶ 21     We recognize that many cases in other jurisdictions have grounded a determination of probable cause to arrest a driver in the fact that the vehicle was listed as stolen in a database.  But we are unaware of any case holding that a vehicle's listing as stolen in an unidentified list or database of an unknown agency, *by itself*, constitutes probable cause to arrest the vehicle's driver.  Rather, many cases explain that the vehicle's presence in a database combined with other facts about the database's reliability or facts

discovered by the arresting officer amounted to probable cause. *See, e.g., Rohde v. City of Roseburg*, 137 F.3d 1142, 1144 (9th Cir. 1998) (finding probable cause based on vehicle's presence in database and driver's lack of proof of registration and title to vehicle in his own name).  Moreover, we are aware of at least one court that has explicitly said that a vehicle's mere presence in a stolen vehicle database does not, on its own, provide probable cause to arrest its occupant.  *Hafford v. State*, 828 S.W.2d 275, 277 (Tex. App. 1992) (stating that "notification from the mobile data terminal in the patrol car that the vehicle in which Hafford was riding had been reported stolen . . . is not sufficient, standing alone, to establish probable cause for arrest").

¶ 22    Perhaps recognizing the paucity of evidence the prosecution presented at the suppression hearing, the Attorney General suggests that we can consider information the police obtained *after* the arrest and search to retroactively establish probable cause for those actions.  We cannot.  *See People v. Sotelo*, 2014 CO 74, ¶ 41 ("[C]ourts may not use the benefit of hindsight in evaluating application of the Fourth Amendment.").

¶ 23    In sum, we conclude that the prosecution failed to establish at the suppression hearing that Orona's arrest was supported by probable cause.  The arrest was therefore illegal.  Accordingly, the search incident to the arrest was also illegal.  Because police discovered the bank cards and driver's license as a direct result of these illegal acts, the court should have suppressed them.  *See People v. Dyer*, 2019 COA 161, ¶ 16 (evidence obtained as a direct result of an illegal arrest or search must be suppressed).  By admitting them, the court violated Orona's constitutional rights.

¶ 24    This error requires reversal.  Evidence admitted in violation of the Fourth Amendment and the exclusionary rule requires reversal unless the error was harmless beyond a reasonable doubt.  *Id.* at ¶ 17.  The Attorney General bears the burden of proving harmlessness beyond a reasonable doubt.  *Id.*  The Attorney General presents no argument on this point.[2]  Accordingly, we must reverse.

---

[2] Indeed, we appreciate the Attorney General's restraint based on the apparent recognition that this error could not have been harmless beyond a reasonable doubt.

## III.   Disposition

¶ 25    The judgment of conviction is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

JUDGE LIPINSKY and JUDGE LUM concur.